UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

**ERIC CECILIA,**

        **Plaintiff**

  v.

**STEVEN RANDALL,** *et al.*,

        **Defendants**

Civ. No. 18-1433 (RMB)

OPINION

**BUMB, District Judge**

    Plaintiff Eric Cecilia, a pretrial detainee confined at Camden County Correctional Facility, brings this civil rights action under 42 U.S.C. § 1983, alleging Defendant Steven Randall arrested him without probable cause. (Compl., ECF No. 1, ¶¶3, 4.) Plaintiff has filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915("IFP") and has established his financial eligibility to proceed without prepayment of the filing fee. (IFP App., ECF No. 1-1.)

    When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail

to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Complaint is dismissed without prejudice.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the *Pro Se* Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

Under 28 U.S.C. § 1915(e)(2)(B), district courts must review complaints filed by persons proceeding *in forma pauperis* in civil actions, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A pleading must contain a "short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSSION

    A. The Complaint

Plaintiff alleges the following facts in his Complaint, accepted as true for purposes of this screening only:

> On September 8 of 2017, I was arrested for violated [sic] several New Jersey statutes. Specifically: Robbery 2C:15-1A(1); Possession of a Weapon (handgun) without a permit 2C:39-5B91); Possession of Firearm Unlawful Purpose 2C:39-4A(1); Possession of a Weapon by a Convicted Felon 2C:39-7B(1) and conspiracy. Shortly thereafter, all of the charges were dismissed because there was insufficient evidence to continue detaining me.

(Compl., ECF No. 1, ¶6.) Plaintiff alleges he was arrested by Detective Steven Randall of the Camden County Police Department and other unknown police officers. (Id., ¶4.) For relief, Plaintiff seeks monetary damages. (Id., ¶7.)

B.  Claims under 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights by a state official or employee. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim for relief under § 1983, a plaintiff must first allege the violation of a right secured by the Constitution

or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C. Fourth Amendment False Arrest Claim

An arrest may violate the Fourth Amendment if made without probable cause. Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994).

> The test for an arrest without probable cause is an objective one, based on "the facts available to the officers at the moment of arrest." *Beck v. Ohio*, 379 U.S. 89, 96, 85 S.Ct. 223, 228, 13 L.Ed.2d 142 (1964); *Edwards v. City of Philadelphia*, 860 F.2d 568, 571 n. 2 (3d Cir.1988). Evidence that may prove insufficient to establish guilt at trial may still be sufficient to find the arrest occurred within the bounds of the law. *Henry v. United States*, 361 U.S. 98, 102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 (1959). As long as the officers had some reasonable basis to believe [the plaintiff] had committed a crime, the arrest is justified as being based on probable cause. Probable cause need only exist as to any offense that could be charged under the circumstances. *Edwards v. City of Philadelphia*, 860 F.2d at 575-76.

Id.

Plaintiff has not provided any of the facts that were available to the officers at the time of his arrest. The sole fact that the charges were dismissed because the evidence was insufficient to establish guilt at trial is insufficient to state a Fourth Amendment claim for false arrest. See Wright v. City of

Philadelphia, 409 F.3d 595, 602 (3d Cir. 2005) ("the evidentiary standard for probable cause is significantly lower than the standard which is required for conviction.") The Court will dismiss the Complaint without prejudice.

III. CONCLUSION

For the reasons stated above, the Court grants Plaintiff's IFP application but dismisses the Complaint without prejudice. Plaintiff is permitted to amend the complaint if he can allege facts supporting his false arrest claim in the manner described above.

An appropriate order follows.

DATE:  August 23, 2018

                              s/Renée Marie Bumb
                              **RENÉE MARIE BUMB**
                              **United States District Judge**